**In re Dwight RING.**

**Dwight RING, Appellant,**

v.

**Walter W. KELLEY, Trustee, Appellee.**

**Civ. A. No. 93–90–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 9, 1993.

David Roy Hege, Tifton, GA, for appellant.

Thomas Dozier Lovett, Albany, GA, for appellee.

OWENS, Chief District Judge:

Before the court is an appeal by debtor Dwight Ring of an order issued by the United States Bankruptcy Court for the Middle District of Georgia. Appellant presents the following issue on appeal: whether the bankruptcy court correctly determined that postpetition disaster relief benefits are considered "proceeds" within the meaning of § 541(a)(6) of the Bankruptcy Code and, therefore, are part of the bankruptcy estate.

In 1990 and 1991, appellant suffered crop disaster years. On December 12, 1991, President Bush signed into law an act authorizing disaster relief payments for crops farmed in 1990 and 1991. On January 10, 1992, appellant filed a Chapter 7 bankruptcy petition. On April 15, 1992, appellant received $58,987.00 as crop disaster benefits.

---

Appellant contends that the proceeds he received through the federal disaster relief act are post-petition property and not property of the estate as defined by § 541 of the Bankruptcy Code. Appellant's argument is without merit. Section 541(a)(6) provides, in part: "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ... [p]roceeds ... of or from the property of the estate...." 11 U.S.C.A. § 541(a)(6) (1993). Disaster payments serve as a substitute for proceeds that would have been recovered "had the disaster or low yields not occurred." *In re Nivens*, 22 B.R. 287, 291 (Bkrtcy.N.D.Tex.1982); *see also, In re White*, No. BRL88–00971C, 1989 WL 146417, at *4 (Bkrtcy.N.D.Iowa Oct. 27, 1989). Therefore, " 'although the right to payment arose postpetition, the property at issue was prepetition property which became part of the estate.' " *In re White*, 1989 WL 146417, at *4. Accordingly, the holding of the bankruptcy court that the disaster relief payments are property of the estate is **AFFIRMED.**

**SO ORDERED.**